UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AEREO, INC.,

    Plaintiff,

v.

CBS BROADCASTING INC.; CBS STUDIOS INC.; CBS TELEVISION LICENSES, LLC D/B/A WSBK-TV, WBZ-TV, WJZ-TV; ATLANTA TELEVISION STATION WUPA, INC. D/B/A WUPA-TV; CBS TELEVISION STATIONS, INC. D/B/A WFOR-TV, KCNC-TV; MIAMI TELEVISION STATION WBFS, INC. D/B/A WBFS-TV; CBS BROADCASTING INC. D/B/A WBBM-TV, WWJ-TV, WCCO, KDKA-TV, KYW-TV; CBS STATIONS GROUP OF TEXAS, INC. D/B/A KTVT-TV; TELEVISION STATION KTXA, INC. D/B/A KTXA-TV; CBS OPERATIONS, INC. D/B/A WTOG-TV; DETROIT TELEVISION STATION WKBD, INC. D/B/A WKBD-TV, PITTSBURGH TELEVISION STATION WPCW, INC. D/B/A WPCW-TV; AND PHILADELPHIA TELEVISION STATION WPSG, INC. D/B/A WPSG-TV,

    Defendants.

No. 1:13-cv-3013 (AJN)
[rel. 12-cv-1540 (AJN)]

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**



## INTRODUCTION

1. In March 2012, CBS Broadcasting, Inc. ("CBS Broadcasting"), CBS Studios, Inc. ("CBS Studios") (together, "CBS") and the other major national television networks (including ABC, NBCUniversal, Fox, PBS, and Univision) filed two copyright infringement actions against Aereo, Inc. ("Aereo") in the United States District Court for the Southern District of New York (Civil Action Nos. 12-CV-1540-AJN and 12-CV-1543-AJN) ("the Consolidated 2012 Actions"), alleging that Aereo violates their asserted public performance and reproduction rights under the

Copyright Act by providing to consumers certain remote antenna and digital video recorder ("DVR") technology (the "Aereo Technology") so that the consumer can access, record, and play back over-the-air broadcasts made freely available to the public. In response, Aereo filed declaratory judgment counterclaims seeking a declaration that the operation of its technology does not infringe CBS's and the other networks' copyrights. CBS and the other networks moved for a preliminary injunction in the Consolidated 2012 Actions, claiming that Aereo infringes their asserted exclusive right to publicly perform their copyrighted works. The District Court denied the motion, ruling that the networks were unlikely to succeed on the merits of their claims and the United States Court of Appeals for the Second Circuit affirmed that decision in favor of Aereo. *Am. Broad. Cos., Inc. v. Aereo*, 874 F. Supp. 2d 373 (S.D.N.Y. 2012) (attached as Ex. A); *WNET, Thirteen v. Aereo, Inc.*, Nos. 12-Civ-2786, 12-Civ-2807, 2013 WL 1285591, at *1 (2d Cir. Apr. 1, 2013) (attached as Ex. B).

2.  Having lost its preliminary injunction motion in the District Court and on appeal, CBS has now announced that it intends to file suit against Aereo in each jurisdiction where Aereo subsequently makes its technology available to consumers. For example, on April 23, 2013, Aereo publicly announced its plans to launch its technology in Boston, Massachusetts on May 15, 2013. See Ex. C (Aereo Press Release). In response to Aereo's announcement, Leslie Moonves, the President and Chief Executive Officer of CBS Broadcasting, reportedly stated that wherever Aereo expands from its first market in New York, "we'll follow" Aereo and "we'll sue them again" in those markets. Ex. D (Deadline Hollywood Article). Similarly, Dana McClintock, CBS Broadcasting's Executive Vice President of Communications, stated on his Twitter feed that "We will sue" in Boston, and that "Stealing our signal will be found to be illegal in Boston, just as it will be everywhere else." Ex. E (McClintock Twitter Feed) at 6.

3. Such threatened follow-on suits would be an attempt to avoid or evade the District Court's rulings in the Consolidated 2012 Actions and the Second Circuit's affirmance of the denial of the preliminary injunction motion, by seeking "do-overs" in other courts. It is not proper for parties to attempt to re-litigate claims that are pending, let alone already decided. Among other reasons, it would be highly inefficient and a waste of judicial resources. The threatened follow-on suits would involve the same technology, involve the same witnesses, and implicate the same legal and factual issues that are already the subject of the Consolidated 2012 Actions.

4. Any disputes regarding or related to the Aereo Technology should be resolved by the same Court currently handling the Consolidated 2012 Actions. Indeed, Aereo has already filed declaratory judgment claims in the Consolidated 2012 Actions that name the plaintiffs in those cases and seek judgment that the Aereo Technology does not infringe the plaintiffs' copyrights. However, in view of CBS's explicit threats to initiate duplicative follow-on suits in other jurisdictions, Aereo files this related action, naming additional CBS parties and seeking a declaratory judgment as set forth below.

5. Aereo, by its attorneys, alleges against Defendants CBS Broadcasting and CBS Studios and against Defendants CBS Television Licenses, LLC, Atlanta Television Station WUPA, Inc., CBS Television Stations, Inc., Miami Television Station WBFS, Inc., CBS Stations Group of Texas, Inc., Television Station KTXA, Inc., CBS Operations, Inc., Detroit Television Station WKBD, Inc., Pittsburgh Television Station WPCW, Inc., and Philadelphia Television Station WPSG, Inc. (collectively, not including CBS Broadcasting or CBS Studios, the "CBS Licensing Entities") as follows:

## PARTIES

6. Plaintiff Aereo is a New York corporation with its principal place of business in Long Island City, New York. Aereo currently offers the Aereo Technology to consumers in the New York City and Boston broadcast areas, and has announced plans to expand to other cities.

7. Aereo provides the Aereo Technology to consumers for them to do what they are legally entitled to do: (1) access free and legally accessible over-the-air television broadcasts using an antenna; see 47 U.S.C. § 151 et seq.; (2) create individual, unique recordings of those broadcasts for personal use, see Sony Corp. of America v. Universal City Studios, Inc., 464 U.S. 417 (1984); and (3) record and play back those unique recordings on personal devices utilizing a remotely-located DVR, see Cartoon Network LP v. CSC Holdings, Inc., 536 F.3d 121 (2d Cir. 2008) ("Cablevision"). For a small monthly fee, Aereo members can access the Aereo Technology via the Internet and use their individual remote antenna and remote DVR to record and play back unique individual copies of local broadcast television programs for their personal use. When a member accesses broadcast television using the Aereo Technology, he or she uses a specific individual antenna that is tuned and used only by that member for the duration of that access. Members can then play their unique copies back to themselves on an Internet-connected device, such as a computer, an Internet-connected television, or other personal device such as a mobile phone or tablet.

8. MyNetworkTV is a programming distribution service, airing original and off-network programming and is owned by Fox Entertainment Group, Inc., a subsidiary of News Corporation.

9. The CW Television Network ("The CW") is a broadcast television network, formed as a joint venture between Warner Bros. Entertainment and CBS Corporation.

10. The CBS Licensing Entities include: CBS owned-and-operated local CBS network stations (WBZ-TV, WJZ-TV, WFOR-TV, KCNC-TV, WBBM-TV, WWJ-TV, WCCO-TV, KDKA-TV, KYW-TV, KTVT-TV); unaffiliated stations owned by CBS (KTXA-TV); and stations owned by CBS that are affiliated with other networks or programming distribution services, including MyNetworkTV (WSBK-TV, WBFS-TV); and The CW (WUPA-TV, WTOG-TV, WKBD-TV, WPCW-TV, WPSG-TV). Upon information and belief, CBS and the CBS Licensing Entities claim to own copyrights in programming broadcast by each of the CBS Licensing Entities.

11. WSBK-TV and WBZ-TV are television stations that broadcast in the Boston, Massachusetts area. Upon information and belief, WSBK-TV and WBZ-TV are operated by CBS Television Licenses, LLC, which is ultimately owned by CBS Broadcasting. Upon information and belief, WSBK-TV is an affiliate of MyNetworkTV and broadcasts programming allegedly copyrighted by CBS. Upon information and belief, WBZ-TV is an affiliate of CBS and broadcasts programming allegedly copyrighted by CBS.

12. WUPA-TV is a television station that broadcasts in the Atlanta, Georgia area. Upon information and belief, WUPA-TV is operated by Atlanta Television Station WUPA, Inc., which is ultimately owned by CBS Broadcasting. Upon information and belief, WUPA-TV is an affiliate of The CW and broadcasts programming allegedly copyrighted by CBS.

13. WFOR-TV and WBFS-TV are television stations that broadcast in the Miami, Florida area. Upon information and belief, WFOR-TV is operated by CBS Television Stations, Inc. and WBFS-TV is operated by Miami Television Station WBFS, Inc., each of which is ultimately owned by CBS Broadcasting. Upon information and belief, WFOR-TV is an affiliate of CBS and broadcasts programming allegedly copyrighted by CBS. Upon information and

belief, WBFS-TV is an affiliate of MyNetworkTV and broadcasts programming allegedly copyrighted by CBS.

14. KTVT-TV and KTXA-TV are television stations that broadcast in the Dallas, Texas area. Upon information and belief, KTVT-TV is operated by CBS Stations Group of Texas, Inc. and KTXA-TV is operated by Television Station KTXA, Inc., each of which is ultimately owned by CBS Broadcasting. Upon information and belief, KTVT-TV is an affiliate of CBS and broadcasts programming allegedly copyrighted by CBS. Upon information and belief, KTXA-TV broadcasts programming allegedly copyrighted by CBS.

15. WTOG-TV is a television station that broadcasts in the Tampa, Florida area. Upon information and belief, WTOG-TV is operated by CBS Operations, Inc., which is ultimately owned by CBS Broadcasting. Upon information and belief, WTOG-TV is an affiliate of The CW and broadcasts programming allegedly copyrighted by CBS.

16. WBBM-TV is a television station that broadcasts in the Chicago, Illinois area. Upon information and belief, WBBM-TV is owned and operated by CBS Broadcasting. Upon information and belief, WBBM-TV is an affiliate of CBS and broadcasts programming allegedly copyrighted by CBS.

17. KCNC-TV is a television station that broadcasts in the Denver, Colorado area. Upon information and belief, KCNC-TV is operated by CBS Television Stations, Inc., which is ultimately owned by CBS Broadcasting. Upon information and belief, KCNC-TV is an affiliate of CBS and broadcasts programming allegedly copyrighted by CBS.

18. WWJ-TV and WKBD-TV are television stations that broadcast in the Detroit, Michigan area. Upon information and belief, WWJ-TV is owned and operated by CBS Broadcasting. Upon information and belief, WKBD-TV is operated by Detroit Television Station

WKBD, Inc., which is ultimately owned by CBS Broadcasting. Upon information and belief, WWJ-TV is an affiliate of CBS and broadcasts programming allegedly copyrighted by CBS. Upon information and belief, WKBD-TV is an affiliate of The CW and broadcasts programming allegedly copyrighted by CBS.

19.   WCCO-TV is a television station that broadcasts in the Minneapolis, Minnesota area. Upon information and belief, WCCO-TV is owned and operated by CBS Broadcasting. Upon information and belief, WCCO-TV is an affiliate of CBS and broadcasts programming allegedly copyrighted by CBS.

20.   KDKA-TV and WPCW-TV are television stations that broadcast in the Pittsburgh, Pennsylvania area. Upon information and belief, KDKA-TV is owned and operated by CBS Broadcasting. Upon information and belief, WPCW-TV is operated by Pittsburgh Television Station WPCW, Inc., which is ultimately owned by CBS Broadcasting. Upon information and belief, KDKA-TV is an affiliate of CBS and broadcasts programming owned by CBS. Upon information and belief, WPCW-TV is an affiliate of The CW and broadcasts programming allegedly copyrighted by CBS.

21.   WJZ-TV is a television station that broadcasts in the Baltimore, Maryland area. Upon information and belief, WJZ-TV is operated by CBS Television Licenses, LLC, which is ultimately owned by CBS Broadcasting. Upon information and belief, WJZ-TV is an affiliate of CBS and broadcasts programming allegedly copyrighted by CBS.

22.   KYW-TV and WPSG-TV are television stations that broadcast in the Philadelphia, Pennsylvania area. Upon information and belief, KYW-TV is owned and operated by CBS Broadcasting. Upon information and belief, WPSG-TV is operated by Philadelphia Television Station WPSG, Inc., which is ultimately owned by CBS Broadcasting. Upon

information and belief, KYW-TV is an affiliate of CBS and broadcasts programming allegedly copyrighted by CBS. Upon information and belief, WPSG-TV is an affiliate of The CW and broadcasts programming allegedly copyrighted by CBS.

23. Upon information and belief, CBS Broadcasting is a New York corporation with its principal place of business at 51 West 52nd Street, New York, New York.

24. Upon information and belief, CBS Studios is a Delaware corporation with its principal place of business at 51 West 52nd Street, New York, New York. Upon information and belief, CBS Studios actively is engaged in the worldwide production and distribution of copyrighted entertainment products, including certain programs broadcast on the television stations operated by the named Defendants in this case.

### CBS'S THREATS OF FURTHER LITIGATION

25. Until recently, the Aereo Technology was available only to consumers living in the New York City Designated Market Area (which includes parts of New Jersey, Pennsylvania, and Connecticut), who could use the Aereo Technology to watch local programming. On May 15, 2013, Aereo began offering access to the Aereo Technology to select consumers, by invitation-only, living in the Boston Designated Market Area (which includes parts of Massachusetts, New Hampshire, and Vermont) to watch local programming. And on May 30, 2013, Aereo began offering access to the Aereo Technology to all consumers living in the Boston Designated Market Area to watch local programming.

26. In addition to the New York City and Boston Designated Market Areas, Aereo has publicly announced that it will begin offering, on June 17, 2013, access to the Aereo Technology to select consumers, by invitation-only, living in the Atlanta Designated Market Area (which includes parts of Georgia, North Carolina, and Alabama) to watch local

programming. Aereo announced that access for all consumers in the Atlanta Designated Market will be available June 24, 2013. *See* Ex. F (Aereo May 14, 2013 Press Release).

27. Aereo has also publicly announced that it intends to expand, by the end of 2013, to offer consumers access to the Aereo Technology in additional cities. In a press release dated January 8, 2013, Aereo announced that those cities identified for expansion were: Boston (where Aereo launched on May 15 and May 30, 2013, as noted above), Miami, Austin, Atlanta, Chicago, Dallas, Houston, Washington DC, Baltimore, Detroit, Denver, Minneapolis, Philadelphia, Pittsburgh, Tampa, Cleveland, Kansas City, Raleigh-Durham, Salt Lake City, Birmingham, Providence, and Madison. *See* Ex. G (Aereo Jan. 8, 2013 Press Release). Aereo has already taken steps to roll out its technology beyond New York and Boston, including entering into contracts with vendors and ordering equipment.

28. When Aereo expands into other markets, members in those markets will use the same Aereo Technology that is at issue in the Consolidated 2012 Actions. The nature of that technology was largely undisputed in the Consolidated 2012 Actions and in the appeal of the District Court's denial of preliminary injunction heard by the United States Court of Appeals for the Second Circuit. The District Court made explicit findings of fact regarding those few facts that were disputed in connection with the Consolidated 2012 Actions, and Plaintiffs did not challenge the District Court's findings on appeal. *See Am. Broad. Co.*, 874 F. Supp. 2d at 381; *WNET*, 2013 WL 1285591, at *1.

29. In the New York City and Boston markets, consumers can use the Aereo Technology to record and watch all programming broadcast by each of the CBS Licensing entities within the respective Designated Market Areas. In the case of the Boston market, this includes, for example, WSBK-TV and WBZ-TV.

9

30. As Aereo expands into each of the additional cities listed above, it intends to make the Aereo Technology available so that consumers can record and watch all programming broadcast by each of the CBS Licensing Entities within the Designated Market Area associated with each of those cities. This includes the programming by each of the stations operated by the Defendants in these cities. CBS and the other networks already seek a nationwide permanent injunction in the Consolidated 2012 Actions. Nevertheless, CBS has publicly threatened Aereo with additional lawsuits as it expands its services outside of New York City, including specifically in Boston.

31. Because Aereo's declaratory judgment counterclaims and CBS's copyright infringement claims seek nationwide relief and are not limited to the New York market, any further suit in Boston or otherwise would be duplicative of the Consolidated 2012 Actions, including the relief the parties are seeking in those actions.

32. However, based on the statements of Mr. Moonves and Mr. McClintock, Aereo has reasonable apprehension that CBS and/or the CBS Licensing Entities intend to bring and will bring copyright infringement lawsuits against Aereo as it expands into additional cities. To prevent those duplicative actions, Aereo thus seeks declaratory judgment against CBS and the CBS Licensing Entities that use of the Aereo Technology does not violate the Copyright Act of the United States (17 U.S.C. § 101 *et seq.*).

## JURISDICTION AND VENUE

33. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, seeking a declaration of the rights and/or other legal relations of the parties to this litigation with respect to an actual controversy arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

34. This Court has exclusive jurisdiction over the copyright subject matter of this action pursuant to the Copyright Act (17 U.S.C. § 101 *et seq.*), 28 U.S.C. §§ 1331, 1338, and the Declaratory Judgment Act (28 U.S.C. § 2201).

35. This Court has personal jurisdiction over CBS Broadcasting because CBS Broadcasting is a New York corporation with its principal place of business in this district. Moreover, CBS Broadcasting does continuous and systematic business in New York and this district. *See* N.Y.C.P.L.R. §§ 301, 302.

36. This Court has personal jurisdiction over CBS Studios because CBS Studios has its principal place of business in this district. Moreover, CBS Studios does continuous and systematic business in New York and this district. *See* N.Y.C.P.L.R. §§ 301, 302.

37. This Court has personal jurisdiction over the CBS Licensing Entities because they are owned by CBS Broadcasting, which is a New York corporation with its principal place of business in this district. Moreover, on information and belief, the CBS Licensing Entities conduct continuous and systematic business in New York and this district. *See* N.Y.C.P.L.R. §§ 301, 302.

38. Venue is proper in the district pursuant to 28 U.S.C. § 1391.

### FACTS AND COMPLIANCE WITH LOCAL CIVIL RULE 1.6(A)

39. The instant action is related to the Consolidated 2012 Actions. The Consolidated 2012 Actions and this case involve the same Aereo Technology, involve the same witnesses, implicate the same legal and factual issues (all involve declaratory judgment claims relating to the same allegations that Aereo has violated the Copyright Act of the United States), and share some of the same parties (*e.g.*, CBS and Aereo). This case was accepted as related and an association with case No. 1:12-cv-01540-AJN-HBP was created on May 17, 2013.

40. This case should be heard by the same court handling the Consolidated 2012 Actions in order to avoid unnecessary duplication of judicial effort. The court has substantial experience with the factual and legal issues that are presented in this action.

41. CBS and the other networks moved for a preliminary injunction in the Consolidated 2012 Actions, alleging that Aereo violated their asserted public performance rights. The District Court denied the motion. *Am. Broad. Cos., Inc.*, 874 F. Supp. at 373. On appeal, the Second Circuit agreed and affirmed the District Court order denying the motion for a preliminary injunction. *WNET, Thirteen*, 2013 WL 1285591, at *1.

## CLAIMS FOR RELIEF
## COUNT I

### (Request for Declaratory Judgment)

42. Aereo repeats and realleges the allegations set forth in paragraphs 1-41 herein. Based on the fact that CBS has already sued Aereo in a related co-pending action seeking a nationwide permanent injunction, and based on the statements of Mr. Moonves and Mr. McClintock, Aereo has reasonable apprehension that CBS and/or the CBS Licensing Entities will bring copyright infringement lawsuits against Aereo as it expands into other cities, including Boston and Atlanta. There exists an actual and justiciable controversy between Aereo and the Defendants as to whether Aereo infringes any of the Defendants' copyrights and whether Aereo will infringe any of the Defendants' copyrights when it formally launches in other cities.

\*\*\*

WHEREFORE, Aereo respectfully requests that this Court enter judgment in its favor and against Defendants:

   a. Declaring that the use of the Aereo Technology does not infringe, and that Aereo does not otherwise infringe, any of Defendants' copyrights;

b. Declaring that the use of the Aereo Technology does not violate, and that Aereo does not otherwise violate, the Copyright Act of the United States;

c. Awarding Aereo its costs and attorneys' fees in accordance with 17 U.S.C. § 505 and other applicable law; and

d. Granting Aereo such further relief as the Court deems just and proper.

\*\*\*

Dated: June 7, 2013

Respectfully submitted,

FISH & RICHARDSON P.C.
R. David Hosp (DH 3344)
Tal Kedem (TK 1337)
Elizabeth Brenckman (admitted *pro hac vice*)
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291
Email:   hosp@fr.com
         kedem@fr.com
         brenckman@fr.com

Frank E. Scherkenbach (admitted *pro hac vice*)
Christopher Dillon (admitted *pro hac vice*)
Mark S. Puzella (admitted *pro hac vice*)
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
Email:   scherkenbach@fr.com
         dillon@fr.com
         puzella@fr.com

WINSTON & STRAWN LLP
Michael S. Elkin (ME 2300)
Thomas Patrick Lane (TL 8983)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:    melkin@winston.com
             tlane@winston.com

Seth D. Greenstein
Constantine Cannon LLP
One Franklin Square
1301 K Street NW
Suite 1050 East
Washington, D.C. 20005
Telephone: (202) 204-3500
Facsimile: (202) 204-3501
Email:    sgreenstein@constantinecannon.com

*Attorneys for Plaintiff Aereo, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies pursuant to Fed. R. Civ. P. 5 and L.R. 5.5, that on June 7, 2013 a true and correct copy of the foregoing document was sent by electronic mail to all counsel of record.

_____
Jennifer Mavronas