# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEREO, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>CBS BROADCASTING INC.; CBS STUDIOS INC.; CBS TELEVISION LICENSES, LLC D/B/A WSBK-TV, WBZ-TV, WJZ-TV; ATLANTA TELEVISION STATION WUPA, INC. D/B/A WUPA-TV; CBS TELEVISION STATIONS, INC. D/B/A WFOR-TV, KCNC-TV; MIAMI TELEVISION STATION WBFS, INC. D/B/A WBFS-TV; CBS BROADCASTING INC. D/B/A WBBM-TV, WWJ-TV, WCCO, KDKA-TV, KYW-TV; CBS STATIONS GROUP OF TEXAS, INC. D/B/A KTVT-TV; TELEVISION STATION KTXA, INC. D/B/A KTXA-TV; CBS OPERATIONS, INC. D/B/A WTOG-TV; DETROIT TELEVISION STATION WKBD, INC. D/B/A WKBD-TV, PITTSBURGH TELEVISION STATION WPCW, INC. D/B/A WPCW-TV; AND PHILADELPHIA TELEVISION STATION WPSG, INC. D/B/A WPSG-TV,<br><br>     Defendants. | No. 13-CV-3013 (AJN)<br>[rel. 12-CV-1540 (AJN)]<br><br>**ORAL ARGUMENT REQUESTED** |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS OR STAY AEREO'S AMENDED COMPLAINT

James W. Quinn
Yehudah L. Buchweitz
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

BACKGROUND .....................................................................................................3

ARGUMENT ..........................................................................................................6

I.   The Court Should Decline To Exercise Its Discretion To Hear this Case
     Because the Declaratory Judgment Act Is Not Intended To Condone
     Anticipatory Forum Shopping ......................................................................6

II.  Aereo's Suit Duplicates Its Counterclaim in Already Existing Litigation and
     Should Be Dismissed or Stayed ...................................................................11

III. Aereo's Amended Complaint Fails To Establish an "Actual Controversy," and
     thus the Court's Subject Matter Jurisdiction, Against Stations in Eleven Cities...............14

CONCLUSION .....................................................................................................19

## TABLE OF AUTHORITIES

<u>CASES</u>                                                                                          <u>PAGE(S)</u>

*Aetna Life Ins. Co. v. Haworth,*
  300 U.S. 227 (1937)..................................................................................................14

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,*
  493 F.3d 87 (2d Cir. 2007).........................................................................................3

*Avon Prods., Inc. v. Morocconoil, Inc.,*
  No. 12 Civ. 4507(GBD), 2013 WL 795652 (S.D.N.Y. Mar. 4, 2013) ....................18

*Barclay v. Lowe,*
  131 F. App'x 778 (2d Cir. 2005) ..............................................................................11

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ...................................................................................................3

*Bill's Birds Inc. v. Trademarketing Res. Inc.,*
  CV 11-3888, 2013 WL 371646 (E.D.N.Y. Jan. 31, 2013) ......................................17

*Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,*
  369 F.3d 212 (2d Cir.2004) ........................................................................................3

*Brown v. Plansky,*
  24 F. App'x 26 (2d Cir. 2001) ..................................................................................12

*Cardinal Chem. Co. v. Morton Int'l, Inc.,*
  508 U.S. 83 (1993) ...................................................................................................15

*Cephalon, Inc. v. Travelers Cos.,*
  No. 12 Civ. 5395, 2013 WL 1294679 (S.D.N.Y. Mar. 15, 2013) .......................9-10

*CGI Solutions, LLC v. SailTime Licensing Group, LLC,*
  No. 05 Civ. 4120, 2005 WL 3097533 (S.D.N.Y. Nov. 17, 2005) .......................8-10

*Chicago Ins. Co. v. Holzer,*
  No. 00 Civ. 1062, 2000 WL 777907 (S.D.N.Y. June 16, 2000) ...............................7

*Coffman v. Breeze Corps.,*
  323 U.S. 316 (1945) ..................................................................................................14

*Curtis v. Citibank, N.A.,*
  226 F.3d 133 (2d Cir. 2000) ....................................................................................11

**TABLE OF AUTHORITIES**
(continued)

PAGE(S)

*DiGennaro v. Whitehair,*
  467 F. App'x 42 (2d Cir. 2012) ..................................................................11

*Dish Network, L.L.C. v. Am. Broadcasting Cos.,*
  No. 12 Civ. 4155, 2012 WL 2719161 (S.D.N.Y. July 9, 2012) ....................7-8, 10

*ECA & Local 134 IBEW Joint Pension Trust v. JP Morgan Chase Co.,*
  553 F.3d 187 (2d Cir. 2009) ......................................................................3

*Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.,*
  522 F.3d 271 (2d Cir. 2008) ......................................................................7

*Federal Insurance Co. v. May Department Stores Co.,*
  808 F. Supp. 347 (S.D.N.Y. 1992) ............................................................11

*Fox Television Stations, Inc. v. BarryDriller Content Sys., PLC,*
  CV 12-6921-GW JCX, 2012 WL 6784498 (C.D. Cal. Dec. 27, 2012) ..................2

*Great Am. Ins. Co. v. Houston Gen. Ins. Co.,*
  735 F. Supp. 581 (S.D.N.Y. 1990) ...........................................................2, 7

*Innovative Therapies, Inc. v. Kinetic Concepts, Inc.,*
  599 F.3d 1377 (Fed. Cir. 2010) ...............................................................16

*In re Hunter Envtl. Servs., Inc. Sec. Litig.,*
  921 F. Supp. 914 (D. Conn. 1996) .............................................................5

*Int'l Sec. Exch., LLC v. Dow Jones & Co.,*
  No. 07-3324-cv, 2009 WL 46889 (2d Cir. Jan. 8, 2009).................................7

*James v. AT&T Corp.,*
  334 F. Supp. 2d 410 (S.D.N.Y. 2004).......................................................13

*Katzman v. Helen of Troy Texas Corp.,*
  No. 12 Civ. 4220 (PAE), 2012 WL 3831745 (S.D.N.Y. Aug. 28, 2012) ...............15

*Lopez v. Ferguson,*
  361 F. App'x 225 (2d Cir. 2010) .............................................................12

*Maryland Cas. Co. v. Pac. Coal & Oil Co.,*
  312 U.S. 270 (1941).............................................................................14

## TABLE OF AUTHORITIES
### (continued)

**PAGE(S)**

*MedImmune, Inc. v. Genentech, Inc.,*
   549 U.S. 118 (2007)..................................................................................7, 14

*Nat'l Union Fire Ins. Co. v. Int'l Wire Group, Inc.,*
   No. 02 Civ. 10338, 2003 WL 21277114 (S.D.N.Y. June 2, 2003)...........................7

*Nike, Inc. v. Already, LLC,*
   663 F.3d 89 (2d Cir. 2011) *aff'd,* 133 S.Ct. 721 (2013) .........................................15

*Organic Seed Growers & Trade Ass'n v. Monsanto Co.,*
   851 F. Supp. 2d 544 (S.D.N.Y. 2012)
   *aff'd,* 2012-1298, 2013 WL 2460949 (Fed. Cir. June 10, 2013) ....................... 15-16

*Perez v. Ledesma,*
   401 U.S. 82 (1971) ..............................................................................................7

*Quick Cash of Westchester Ave. LLC v. Vill. of Port Chester,*
   11-CV-5608 CS, 2013 WL 135216 (S.D.N.Y. Jan. 10, 2013) ................................3

*Re-Alco Indus., Inc. v. Nat'l Ctr. For Health Educ., Inc.,*
   812 F. Supp. 387, 395 (S.D.N.Y. 1993)...............................................................17

*Reliance Ins. Co. v. Six Star, Inc.,*
   155 F. Supp. 2d 49 (S.D.N.Y. 2001) ....................................................................7

*Roth v. Jennings,*
   489 F.3d 499 (2d Cir. 2007) .................................................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   551 U.S. 308 (2007) .............................................................................................3

*Texas v. United States,*
   523 U.S. 296 (1998) ...........................................................................................15

*Textron Lycoming Reciprocating Engine Div., Avco Corp. v.*
   *United Auto., Aerospace and Agric. Implement Workers of Am.,*
   523 U.S. 653 (1998) ...........................................................................................15

*Tunne v. Duane Reade, Inc.,*
   Nos. 09 Civ. 10187, 10 Civ. 885, 2011 WL 979475 (S.D.N.Y. Mar. 14, 2011) ...................15

**TABLE OF AUTHORITIES**
(continued)

PAGE(S)

*Veoh Networks, Inc. v. UMG Recordings, Inc.,*
   522 F. Supp. 2d 1265 (S.D. Cal. 2007) ...............................................17

*Warrior Sports, Inc. v. STX, LLC,*
   596 F. Supp. 2d 1070 (E.D. Mich. 2009) ...................................... 16-17

*Wilton v. Seven Falls Co.,*
   515 U.S. 277 (1995) ...............................................................6, 13

*WorldCrisa v. Armstrong,*
   129 F.3d 71 (2d Cir. 1997) ............................................................14


**OTHER**

U.S. Const. art. III .......................................................................1, 14, 17

28 U.S.C. § 2201 ...............................................................................6, 14

Fed. R. Civ. P. 12(b)(1).....................................................................1, 19

Fed. R. Civ. P. 12(b)(6).........................................................................1

Defendants respectfully submit this memorandum in support of their motion to dismiss the First Amended Complaint for Declaratory Judgment (the "Amended Complaint") of Aereo, Inc. ("Aereo") under Article III of the United States Constitution and Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

Aereo is embroiled in a copyright infringement action in this Court against CBS Broadcasting Inc. and other network entities that has yet to finally determine whether Aereo's unlicensed retransmission of various New York television stations and the copyrighted programming on those stations infringes the copyrights of the content owners under Second Circuit precedent. Nevertheless, Aereo now asks the Court to entertain a separate action declaring that its *future* activities are legal, not just in New York, but in twelve other cities outside the Second Circuit – regardless of the precedents that may govern there or the fact that Aereo had not, at the time it filed this case, actually launched in any of those cities or begun to retransmit the programming of any of the eighteen defendant stations that broadcast in those cities. Aereo makes this request solely on the basis of having survived a motion for preliminary injunction in this Court that addressed only one basis of copyright liability against Aereo (violation of the "public performance" right), which is the subject of a petition for *en banc* review still pending in the Second Circuit. And it does so despite the fact that the declaration it seeks essentially duplicates its counterclaim in the already existing action.

The motivation for Aereo's gamesmanship is, of course, no secret. At the same time this Court denied the networks' motion for a preliminary injunction against Aereo, Judge George Wu, in the Central District of California, reached the exact opposite conclusion with respect to

---

[1] This motion seeks a stay in the alternative.

Aereokiller – a service that purports to be identical in all relevant respects to Aereo – concluding

that the law in the Ninth Circuit with respect to public performance differs from that in the

Second Circuit, on which this Court relied. *See Fox Television Stations, Inc. v. BarryDriller*

*Content Sys., PLC,* CV 12-6921-GW JCX, 2012 WL 6784498 (C.D. Cal. Dec. 27, 2012)

("*Aereokiller*"). Aereo clearly fears that circuits outside the Second Circuit, which are not bound

by the *Cablevision* and *Aereo* decisions, will follow the lead of Judge Wu, and asks this Court to

prevent that from happening.

Accordingly, on the eve of its announced launch in Boston, Aereo rushed into the New

York courthouse seeking to prevent local stations in twelve cities outside the Second Circuit

from litigating in forums in which Aereo's new infringing activity actually will take place –

assuming it actually launches in those cities – and to prevent courts in those forums from

adjudicating the legality of Aereo's unlicensed retransmissions according to the governing

precedent in their own circuits. Aereo's anticipatory lawsuit, even as amended, should be

rejected for several reasons.

First, the law is clear that a court has broad discretion as to whether to entertain a

declaratory judgment action, and that "misuse of the Declaratory Judgment Act to gain a

procedural advantage and preempt the forum choice of the plaintiff in the coercive action

militates in favor of dismissing the declaratory judgment action." *Great Am. Ins. Co. v. Houston*

*Gen. Ins. Co.*, 735 F. Supp. 581, 586 (S.D.N.Y. 1990). Aereo admits that it filed this suit in

advance of its Boston launch to prevent CBS from following through on its threats to sue Aereo

there when it launched.

Second, even if this Court were of the view that it can and should decide whether Aereo's

activities are legal in the twelve cities at issue in the Amended Complaint, this declaratory

judgment action should still be dismissed or, in the alternative, stayed, for the simple reason that

it is duplicative of a counterclaim already filed by Aereo in the underlying litigation.  The law is

clear that a party may not attempt to bring multiple actions involving the same subject matter, in

the same court, against the same defendants.

Finally, the Amended Complaint fails to allege with any specificity when Aereo will

launch in cities outside of Boston and Atlanta, and fails to allege facts sufficient to establish a

threat of suit by any CBS entity in any city other than Boston – much less in any of the other

eleven cities in which Aereo has sued CBS-owned stations.  Aereo therefore has not established

the existence of an "actual controversy" between it and sixteen of the eighteen station defendants

sufficient to satisfy Constitutional requirements and establish this Court's subject matter

jurisdiction over claims against such defendants.

## BACKGROUND

Since the Court is well aware of the underlying facts related to Aereo's dispute with the

broadcast networks, they will not be repeated here.[2]  Several facts particular to this declaratory

judgment action, however, bear mention, including the claim at issue, the parties, and the basis

for seeking relief.  In its Amended Complaint, Aereo has named as defendants CBS Broadcasting

---

[2] The discussion in this section is taken from (i) the factual allegations in the Amended Complaint and in documents referenced therein, or (ii) facts of which the Court can take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Although a court on a motion to dismiss "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff," *ECA & Local 134 IBEW Joint Pension Trust v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009), it should not assume the truth of "'legal conclusion[s] couched as . . . factual allegation[s],'" or draw unreasonable inferences from mere characterizations of fact and spin.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The court also "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *see also Quick Cash of Westchester Ave. LLC v. Vill. of Port Chester*, 11-CV-5608 CS, 2013 WL 135216 (S.D.N.Y. Jan. 10, 2013) ("It is well established that courts may take judicial notice of publicly available documents on a motion to dismiss.") (citing *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004)).

Inc. ("CBS Broadcasting") and CBS Studios Inc. ("CBS Studios"), each of whom is already a plaintiff in the underlying litigation (referred to in the Amended Complaint as the "Consolidated 2012 Actions").  Aereo has filed a counterclaim in the Consolidated 2012 Actions against CBS Broadcasting and CBS Studios, seeking a declaration that "the use of the Aereo Technology does not infringe, and that Aereo does not otherwise infringe, any of Counterclaim Defendants' copyrights."  *See* Amended Answer and Counterclaim at "Counterclaim" ¶ 25 (12-CV-1540-AJN-HBP, Dkt. No. 38).  The declaration that Aereo seeks here is identical, with the exception of an additional (although, as discussed below, superfluous) declaration that "the use of the Aereo Technology does not violate, and that Aereo does not otherwise violate, the Copyright Act of the United States . . . ."  Am. Compl. ¶ 42.

Aereo has named as defendants in this action the entities that own or do business as eighteen local television stations[3] that broadcast in twelve cities (Boston, Atlanta, Miami, Dallas, Tampa, Chicago, Denver, Detroit, Minneapolis, Pittsburgh, Baltimore and Philadelphia).  Am. Compl. ¶¶ 10-22.  These stations carry hours of locally produced programming focused on their respective local markets,[4] and eight of the defendant stations do not broadcast CBS programming at all.[5]  For example, WBZ-TV (Boston) and WJZ-TV (Baltimore), which are owned and

---

[3] The Amended Complaint names the corporate entity that does business under the call letters of the television station, e.g., "Atlanta Television Station WUPA, Inc., D/B/A WUPA-TV."  References herein to the "local stations" or naming the stations according to their call letters are meant to include these named corporate entities.

[4] "The stations produce news and broadcast public affairs, sports and other programming to serve their local markets."  *See* United States SEC, Form 10-K, CBS Corp. (for the fiscal year ended December 31, 2012) ("CBS 2012 10-K"), at I-10, *available at* http://www.sec.gov/Archives/edgar/data/813828/000104746913001192/a2212776z10-k.htm; *see also id.* at I-12 ("The owned and operated television stations' competitive position is largely influenced by the quality of the syndicated programs and local news programs in time periods not programmed by the network . . . .").

[5] WBFS-TV (Miami) and WSBK-TV (Boston) broadcast content from MyNetworkTV.  WPSG-TV (Philadelphia), WUPA-TV (Atlanta), WTOG-TV (Tampa), WKBD-TV (Detroit), and WPCW-TV (Pittsburgh) broadcast content from the CW.  KTXA-TV (Dallas-Fort Worth) broadcasts independent

operated by CBS Corporation, generally broadcast approximately sixteen hours of local news, local sports, other local programs, and syndicated programming per day; they generally broadcast only approximately eight hours of CBS Network programming per day.[6]

Aereo has carefully selected the stations it chose to sue, purposefully excluding the local stations CBS Corporation ultimately owns that broadcast within the Ninth Circuit: KCBS-TV (Los Angeles), KPIX-TV (San Francisco), KSTW-TV (Seattle), KOVR-TV (Sacramento), KMAX-TV (Sacramento), and KBCW-TV (San Francisco). *See* CBS 2012 10-K at I-10–11.

Aereo purportedly seeks declaratory relief on the basis of public statements made by CBS Corporation Chief Executive Officer Leslie Moonves and "tweets" by CBS Broadcasting's Executive Vice President of Communications, Dana McClintock. Am. Compl. ¶ 2. According to the transcript of the May 1, 2013 earnings call (as opposed to the snippets from "Deadline Hollywood" on which Aereo relies), Mr. Moonves stated as follows: "[R]egarding Aereo, if they put up another signal, we'll sue them again. We won in California. We lost in New York. They say they're going to go to Boston and we'll be in Boston, and we'll follow it."[7] On April 23, 2013, Mr. McClintock, from his Twitter account, responded to another Twitter user mentioning Aereo's plan to expand to Boston, stating: "And we will be there to sue them," and

---

content. *See* Am. Compl. ¶¶ 10-13, 15, 18, 20, 22.

[6] *See* TV Listings for WBZ-TV May 20, 2013 – June 2, 2013 (last visited May 20, 2013), *available at* www.tvguide.com/listings; TV Listings for WJZ-TV May 20, 2013 – June 2, 2013 (last visited May 20, 2013), *available at* www.tvguide.com/listings.

[7] *See* CBS Corporation Class B Q1 2013 Earnings Call Transcript (at "Q&A" p. 6), *available at* http://www.morningstar.com/earnings/51668169-cbs-corporation-class-b-q1-2013.aspx. The Court can consider the complete earnings call transcript on this motion to dismiss. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("[E]ven if not attached or incorporated by reference, a document 'upon which [the complaint] solely relies and which is integral to the complaint' may be considered by the court in ruling on such a motion.") (citation omitted); *In re Hunter Envtl. Servs., Inc. Sec. Litig.*, 921 F. Supp. 914, 917-18 (D. Conn. 1996) ("If a plaintiff has selectively introduced material in the complaint but has omitted critical portions of the documents, the defendant is allowed to introduce the full text of the material for the court's consideration.").

then, "Stealing our signal will be found to be illegal in Boston, just as it will be everywhere else."[8]  Am. Compl. Ex. E at 6.

Aereo's Amended Complaint does not allege the specific dates on which it intends to launch in any cities other than Boston and Atlanta.[9]  Am. Compl. ¶¶ 26-27.  It merely names the ten other cities and claims that it "has publicly announced that it intends to expand, by the end of 2013, to offer consumer access to the Aereo Technology" in those cities.  *Id.* ¶ 27 & Ex. G. Aereo also offers the vague assertion that it has "taken steps to roll out its technology beyond New York and Boston, including entering into contracts with vendors and ordering equipment," *id.*, although where exactly it has taken such "steps," in how many of the other markets it has taken them, and whether those steps have put Aereo in a position to launch in those markets is not specified.[10]

## ARGUMENT

**I.    The Court Should Decline To Exercise Its Discretion To Hear this Case Because the Declaratory Judgment Act Is Not Intended To Condone Anticipatory Forum Shopping**

The Declaratory Judgment Act, 28 U.S.C. §2201, created "an opportunity, *rather than a duty*, to grant a new form of relief to qualifying litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (emphasis added).  "The Declaratory Judgment Act provides that a court '*may* declare the rights and other legal relations of any interested party,' not that it *must* do so.  This

---

[8] A third tweet simply combined the first two: "We will sue, and stealing our signal will be found to be illegal in Boston, just as it will be everywhere else."  Am. Compl. Ex. E at 6.

[9] While the Amended Complaint added a launch date for Aereo in Atlanta, as explained in Section III below, because the launch announcement occurred after the time of Aereo's initial Complaint, it does not bolster Aereo's claim that there is a valid case or controversy with respect to WUPA-TV, a CW station in Atlanta.

[10] The Amended Complaint fails to mention certain facts set out in a recent public report, including that Aereo has delayed its entry into the Tampa market "at least until the fall," and that, according to an Aereo spokesperson, "no firm dates" have been set for the launch.  Bouffard, Kevin, "TV Cord-Cutting Service Aereo Delays Entry Into Tampa Bay, Polk," *The Ledger* (June 11, 2013) (Lakeland, Fla.), *available at* http://www.theledger.com/article/20130611/NEWS/130619935 ("Tampa Article").

provision has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (emphasis in original; internal citations omitted); *see also Int'l Sec. Exch., LLC v. Dow Jones & Co.*, No. 07-3324-cv, 2009 WL 46889, at *1 (2d Cir. Jan. 8, 2009). Because Aereo prematurely raced to file this declaratory judgment action to secure what it perceived to be a favorable forum, dismissal of Aereo's anticipatory lawsuit is warranted.

As the Second Circuit recognized, "federal declaratory judgment is not a prize to the winner of a race to the courthouse." *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008) (quoting *Perez v. Ledesma*, 401 U.S. 82, 119 n.12 (1971) (Brennan, J., dissenting)). "Courts in the Second Circuit have repeatedly refused to exercise jurisdiction over declaratory actions motivated by a desire to wrest the choice of forum from the real plaintiff." *Nat'l Union Fire Ins. Co. v. Int'l Wire Group, Inc.*, No. 02 Civ. 10338, 2003 WL 21277114, at *6 (S.D.N.Y. June 2, 2003); *see also Dish Network, L.L.C. v. Am. Broadcasting Cos.*, No. 12 Civ. 4155, 2012 WL 2719161, at *3 (S.D.N.Y. July 9, 2012). An improper anticipatory declaratory judgment action "is one made under the apparent threat of a presumed adversary filing the mirror image of that suit in another court." *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 55 (S.D.N.Y. 2001). "[T]he misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action." *Great Am. Ins.*, 735 F. Supp. at 586; *see also Chicago Ins. Co. v. Holzer*, No. 00 Civ. 1062, 2000 WL 777907, at *4 (S.D.N.Y. June 16, 2000) ("Precedence is not afforded to a declaratory judgment action filed specifically to gain the 'home field advantage' over an imminent coercive suit.").

In *Dish Network*, representatives from the television networks made a series of

statements critical of new technologies offered by Dish. 2012 WL 2719161, at *1. One network executive characterized the system as "illegal," and a newspaper article cited unnamed sources who asserted that major networks expected to file suit within a month for breach of contract and copyright infringement. *Id.* On the day after the article was published, Dish filed a declaratory judgment action, alleging that the networks had threatened Dish with litigation. *Id.* This Court held that Dish's filing was motivated by fear of imminent legal action, and thus "improperly anticipatory within the meaning of the special circumstances exception to the first-filed rule." *Id.* at *4. In support of its holding, the Court noted that the article provided a time frame for bringing suit and identified the claims that were expected to be brought. *Id.* The Court also pointed to the opening paragraph of the complaint, which alleged that "the Major Television Networks have threatened [Dish Network] with litigation." *Id.* Finally, this Court noted that the complaint was filed a day after the newspaper article was published, which "bolster[ed] the inference that Dish took the article's claims of impending coercive litigation seriously." *Id.*

Similarly, in *CGI Solutions, LLC v. SailTime Licensing Group, LLC*, the CEO of CGI Solutions expressed an interest in becoming a base owner of SailTime's fractional-ownership sailing business and executed a nondisclosure and non-compete agreement on behalf of CGI. No. 05 Civ. 4120, 2005 WL 3097533, at *1 (S.D.N.Y. Nov. 17, 2005). After negotiations failed, SailTime learned that the CEO of CGI had formed WindPath to operate a fractional sailing business. *Id.* at *2. An attorney representing SailTime sent a letter to the CEO of CGI warning that if CGI and WindPath did not cease and desist their alleged misconduct, SailTime would pursue "all civil remedies," which could include "fil[ing] a lawsuit seeking injunctive relief and civil damages for breach of contract, conversion, theft of trade secrets, copyright infringement, unfair competition, or other causes of action." *Id.* at *2-3. Several weeks later, CGI and

WindPath filed a declaratory judgment action in this Court seeking declarations, *inter alia*, that they did not infringe SailTime's copyrights or misappropriate SailTime's trade secrets. *Id.* This Court held that CGI's declaratory judgment action was anticipatory and declined to enjoin a coercive lawsuit later filed by SailTime in Texas. *Id.* at *2-3. This Court found that "[w]hile SailTime's letter did not outright announce that it would be filing suit by a particular date," it showed SailTime's resolve to bring suit and delineated potential claims. *Id.* at *3-4. Dismissing the action, this Court noted that "[d]eclaratory judgment actions are not meant to permit parties who fear the looming incubus of litigation to dodge a particular forum." *Id.* at *7-8.

To the same effect is *Cephalon, Inc. v. Travelers Cos.*, where defendant Travelers sent pre-suit correspondence to Cephalon, accusing it of improperly promoting off-label use of prescription medication. No. 12 Civ. 5395, 2013 WL 1294679, at *1 (S.D.N.Y. Mar. 15, 2013). In its final letter, counsel for Travelers advised that they had been retained "in connection with pursuing possible litigation," referenced ongoing litigation concerning Cephalon's off-label promotion, and stated that if Cephalon failed to reply by a certain date Travelers "would have no alternative but to commence suit in an appropriate court of law." *Id.* Rather than responding, Cephalon filed a declaratory action, claiming that Travelers had no cognizable claim or injury. *Id.* at *2. Travelers filed coercive litigation in Pennsylvania two weeks later. *Id.* This Court granted Travelers' motion to dismiss "solely on the ground that Cephalon's declaratory action was improperly anticipatory." *Id.* In support of its holding, the Court wrote:

> While Travelers did not specify a precise date or forum for filing, it provided a date certain to preempt litigation and specifically cited the Eastern District of Pennsylvania. Further, a date and forum are not fixed prerequisites, but mere indicia of notice—Travelers' clear statement of its "intention to file suit" and Cephalon's admission that it acted on that threat are sufficient to render Cephalon's action improperly anticipatory.

*Id.* at *4.

The reasoning of the courts in *Dish Network*, *SailTime*, and *Cephalon* supports a finding that Aereo's case is an improper anticipatory filing.  CBS Broadcasting, CBS Studios, and the other network plaintiffs filed copyright infringement actions against Aereo in the United States District Court for the Southern District of New York (Civil Action Nos. 12-CV-1540-AJN and 12-CV-1543-AJN), which have been consolidated.  Am. Compl. ¶ 1.  In response, Aereo filed "declaratory judgment counterclaims seeking a declaration that the operation of its technology does not infringe CBS's and the other networks' copyrights."  *Id.*  On April 23, 2013, Aereo publicly announced its plans to launch in Boston on May 15, 2013.  *Id.* ¶ 2.  On that same day, the Amended Complaint alleges that Dana McClintock stated on his Twitter feed that "We will sue" in Boston, and that "Stealing of our signal will be found to be illegal in Boston, just as it will be everywhere else."  Am. Compl. ¶ 2, Ex. E at 6.  The Amended Complaint further alleges that a week later, on May 1, 2013, during a quarterly earnings call, Mr. Moonves likewise indicated that CBS would sue Aereo in Boston.  *Id.* ¶ 2, Ex. D.

Aereo, which filed its initial Complaint on May 6, 2013, a mere *five days* after Mr. Moonves' statement, admits that these statements precipitated its filing of this declaratory judgment action.  *See, e.g.*, Am. Compl. ¶¶ 2-4, 30, 32 ("based on the statements of Mr. Moonves and Mr. McClintock, *Aereo has reasonable apprehension that CBS* and/or the CBS Licensing Entities intend to bring and *will bring copyright infringement lawsuits against Aereo as it expands into additional cities*.") (emphasis added).  Likewise, Aereo admits that it filed this lawsuit to deprive CBS of a forum to file a claim for copyright infringement in Boston.  *See id.* ¶¶ 3, 4, 32 ("To prevent those duplicative actions, Aereo files this declaratory judgment against CBS . . . ."), 42.  The timing of CBS' statements, the timing of the Complaint's filing, and the admissions in the Amended Complaint clearly show Aereo's belief that CBS intended to file suit

for copyright infringement in Boston after Aereo's launch there.  Faced with a direct threat of

imminent litigation, Aereo raced to the courthouse to wrest the choice of forum from the

Defendants.  This is improper and the Amended Complaint should be dismissed.

It is of no moment that CBS has not yet filed suit against Aereo in Boston (or elsewhere).

As explained in *Federal Insurance Co. v. May Department Stores Co.*, 808 F. Supp. 347

(S.D.N.Y. 1992), where the plaintiff filed a declaratory judgment action several days in advance

of the date on which the defendant had threatened suit, the improper anticipatory declaratory

judgment action was subject to dismissal regardless of whether a second suit had been filed:

> Plaintiff vigorously argues that [defendant]'s failure to commence an action in
> some other jurisdiction precludes disposition of its motion [to dismiss] in its
> favor.  This argument is without merit.  By bringing an anticipatory declaratory
> judgment action, [plaintiff] initially deprived [defendant] of its choice of forum.
> It was appropriate in the circumstances for [defendant] to await disposition of the
> present motion before commencing another action in a different forum.

*Id.* at 351.  For all the same reasons, Aereo's Amended Complaint should be dismissed.

## II.   Aereo's Suit Duplicates Its Counterclaim in Already Existing Litigation and Should Be Dismissed or Stayed

It is well-settled that a plaintiff cannot maintain concurrent duplicative actions on the

same subject, in the same court, and against the same party.  *See DiGennaro v. Whitehair*, 467 F.

App'x 42, 43 (2d Cir. 2012); *Barclay v. Lowe*, 131 F. App'x 778, 778-79 (2d Cir. 2005); *Curtis*

*v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).  The policy against duplicative suits protects

judicial resources from "the abuse of vexatious litigation and fosters the comprehensive

disposition of disputes."  *DiGennaro*, 246 F. App'x at 43 (citation omitted).  When faced with

duplicative suits, district courts routinely exercise their discretion to dismiss or stay the second-

filed action or consolidate it with the first action.  *See Curtis*, 226 F.3d at 138.

Duplication exists where:  (i) the second action involves essentially the same facts and

legal questions required to resolve the claims in the first action, *DiGennaro*, 467 F. App'x at 44;

11

*Lopez v. Ferguson*, 361 F. App'x 225, 226 (2d Cir. 2010); or (ii) "all of the claims raised" in the second action "were or could have been brought" in the first action, *Brown v. Plansky*, 24 F. App'x 26, 28 (2d Cir. 2001).

In the Consolidated 2012 Actions, Aereo asserted a counterclaim against the network plaintiffs, including CBS Broadcasting and CBS Studios, seeking a declaratory judgment that: "the use of the Aereo Technology does not infringe, and that Aereo does not otherwise infringe, any of Counterclaim Defendants' copyrights." *See* Answer and Counterclaim at "Counterclaim" ¶ 26 (12-CV-1540-AJN-HBP, Dkt. No. 7). This action seeks an almost identical judgment that: (1) "the use of the Aereo Technology does not infringe, and that Aereo does not otherwise infringe, any of Defendants' copyrights"; and (2) "the use of the Aereo Technology does not violate, and that Aereo does not otherwise violate, the Copyright Act of the United States . . . ." Am. Compl. ¶ 42.[11]

This is clearly duplicative. <u>First</u>, Aereo admits that the declaratory judgment action involves the *same facts and legal questions* required to resolve the copyright claims in the Consolidated 2012 Actions. *See* Am. Compl. ¶ 4 ("Aereo has already filed declaratory judgment claims in the Consolidated 2012 Actions that name the plaintiffs in those cases and seek judgment that the Aereo Technology does not infringe the plaintiffs' copyrights."), ¶ 28 ("When Aereo expands into other markets, members in those markets will use the same Aereo Technology that is at issue in the Consolidated 2012 Actions."). Indeed, Aereo purports that its declaratory judgment counterclaim in the Consolidated 2012 Actions "seek[s] nationwide relief"—the same relief sought in this action. *Id.* ¶ 31. As Aereo admits:

The instant action is related to the Consolidated 2012 Actions. The Consolidated

_____

[11] In its amended counterclaim, Aereo sought the same declaratory relief. *See* Amended Answer and Counterclaim at "Counterclaim" ¶ 26 (12-CV-1540-AJN-HBP, Dkt. No. 29).

> 2012 Actions and this case involve the same Aereo Technology, involve the same witnesses, implicate the same legal and factual issues (all involve declaratory judgment claims relating to the same allegations that Aereo has violated the Copyright Act of the United States), and share some of the same parties (*e.g.*, CBS and Aereo).

*Id.* ¶ 39.  While this action has been pending for less than two months, the Consolidated 2012 Actions have been active for over a year and have involved expedited discovery, substantial briefing, an evidentiary hearing, and an appeal before the Second Circuit.  There is simply no reason for allowing this declaratory judgment action to proceed where it is wholly duplicative of Aereo's declaratory judgment counterclaim in the Consolidated 2012 Actions.

Second, the declaratory claim raised in this action was or could have been brought in the Consolidated 2012 Actions.  As noted above, Aereo asserted a nearly identical declaratory judgment counterclaim in the Consolidated 2012 Actions.  Although Aereo has added a second, essentially identical, prong to its requested declaratory relief (to say that Aereo is not "violating the Copyright Act" is synonymous with saying it is not "infringing" CBS' copyrights), there is no reason why it could not have sought the same relief in the Consolidated 2012 Actions.  With respect to the eighteen stations now sued for the first time, "[f]iling a second identical action is not the proper procedure for . . . adding additional parties." *See James v. AT&T Corp.*, 334 F. Supp. 2d 410, 412 (S.D.N.Y. 2004).  This action is an apparent effort to secure a favorable forum before any station can file a lawsuit where it broadcasts based on its own damages.  This is improper, and this action should be dismissed.

In the alternative, this duplicative case should be stayed pending resolution of the related action before this Court.  It is well-settled that a district court may exercise its discretion to stay or dismiss a declaratory judgment action. *See Wilton*, 515 U.S. at 288.  District courts also have discretion to stay a case "pursuant to the power inherent in every court to control the disposition

of the [cases] on its docket with economy of time and effort for itself, for counsel, and for

litigants." *See generally WorldCrisa v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997). Since this

declaratory judgment action mirrors Aereo's counterclaim in the Consolidated 2012 Actions

pending before this Court, proceeding with this duplicative case could only waste precious

judicial resources and impose a heavy financial burden on the parties. Staying this case will not

cause any prejudice to Aereo, which is an active litigant in the Consolidated 2012 Actions.

**III.    Aereo's Amended Complaint Fails To Establish an "Actual Controversy," and thus
         the Court's Subject Matter Jurisdiction, Against Stations in Eleven Cities**

The Declaratory Judgment Act allows federal courts to "declare the rights and other legal

relations" of parties to an "*actual controversy* within its jurisdiction." 28 U.S.C. § 2201

(emphasis added). The limitation to cases of actual controversy is rooted in Article III, Section 2

of the Constitution, which means the Declaratory Judgment Act extends only "to controversies

which are such in the constitutional sense." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240

(1937). Accordingly, the Supreme Court has found that "the declaratory judgment procedure . . .

may not be made the medium for securing an advisory opinion in a controversy which has not

arisen." *Coffman v. Breeze Corps.*, 323 U.S. 316, 324 (1945). To the contrary, a dispute must be

"definite and concrete, touching the legal relations of parties having adverse legal interests," and

must be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive

character, as distinguished from an opinion advising what the law would be upon a hypothetical

state of facts." *MedImmune*, 549 U.S. at 127 (quoting *Aetna*, 300 U.S. at 240-241). "Basically,

the question in each case is whether the facts alleged, under all the circumstances, show that

there is a substantial controversy, between parties having adverse legal interests, of sufficient

immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

In addition, "[a]s numerous courts have observed, 'the Declaratory Judgment Act is not itself an independent basis for subject matter jurisdiction.'" *Tunne v. Duane Reade, Inc.*, Nos. 09 Civ. 10187, 10 Civ. 885, 2011 WL 979475 (S.D.N.Y. Mar. 14, 2011) (internal citations omitted). Rather Aereo, as the plaintiff here, bears the burden of establishing that an "actual controversy" sufficient to confer subject matter jurisdiction exists. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011) *aff'd* 133 S.Ct. 721 (2013) (citing *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993)); *Tunne*, 2011 WL 979475, at *5 ("The party seeking declaratory relief bears the burden of showing jurisdiction.").  In order to meet this burden, Aereo must demonstrate that there was a ripe, justiciable controversy at the time the original complaint was filed. *See Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Auto., Aerospace and Agric. Implement Workers of Am.*, 523 U.S. 653, 660 (1998); *Katzman v. Helen of Troy Texas Corp.*, No. 12 Civ. 4220 (PAE), 2012 WL 3831745, at *3 (S.D.N.Y. Aug. 28, 2012) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Aereo's Amended Complaint fails to carry this burden with respect to sixteen stations: WJZ-TV, WUPA-TV, WFOR-TV, KCNC-TV, WBFS-TV, WBBM-TV, WWJ-TV, WCCO-TV, KDKA-TV, KYW-TV, KTVT-TV, KTXA-TV, WTOG-TV, WKBD-TV, WPCW-TV and WPSG-TV.  First, at the time Aereo filed this action it had announced a specific launch date only for Boston.[12]  As to the other eleven cities in which the defendant stations operate, Aereo fails

---

[12] Because Aereo's May 14, 2013 announcement of an Atlanta launch date (newly alleged at paragraph 26 of the Amended Complaint) occurred after the filing of this case on May 6, 2013, it does not support Aereo's claim that there is an actual controversy with respect to WUPA-TV.  Aereo must adequately allege a ripe dispute *at the time the original complaint was filed*, and developments after that date (here, the Atlanta launch announcement and Aereo's actual launch in Boston) should not be considered. *See Textron*, 523 U.S. at 660; *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 851 F. Supp. 2d 544,

properly to allege when, specifically, it intends to launch in those locations, the status of its

launch efforts, or the copyrighted works that allegedly will be infringed, referring only obliquely

to its having "announced" its "intention" to expand to those cities by the end of 2013. Am.

Compl. ¶¶ 2, 27, 30, Ex. G at 1. Whether the launches will occur in June or December remains a

mystery; indeed, even Aereo cannot say with any assurance when it will launch in each city. For

example, recently, a Tampa publication published a story indicating that Aereo's launch in

Tampa would be delayed until at least the fall. *See* Tampa Article. An Aereo spokesperson was

quoted, explaining the contingencies on which a launch depends and confirmed that no date had

been set. *Id.* ("Aereo's technology requires a city-by-city, in-market implementation. . . . Our

teams go in and build our antenna/DVR systems in each market, which requires construction

(and all the relevant permitting) and a complex build out of our technology. It's time-consuming

and labor intensive . . . .").

These are precisely the types of non-specific and contingent events that have led courts to

dismiss declaratory judgment actions for failure to establish an actual controversy. For example,

in *Warrior Sports, Inc. v. STX, LLC*, 596 F. Supp. 2d 1070 (E.D. Mich. 2009), a manufacturer of

lacrosse equipment sought a declaration that its gloves did not violate the design patent of a rival

manufacturer. Despite an affidavit from the plaintiff that it "intend[ed]" to market the gloves

after a certain date (when a settlement agreement between the two parties expired), *id.* at 1073,

and despite its claim that the "models marketed after [that date] will have identical or similar

features" to models that had triggered previous litigation between the parties, *id.*, the court

dismissed the claim as "neither sufficiently immediate nor real" because the launch date was not

imminent. *Id.* at 1072, 1077. Thus, the court was "left with nothing but speculation and

---

554 n.7 (S.D.N.Y. 2012) *aff'd*, 2012-1298, 2013 WL 2460949 (Fed. Cir. June 10, 2013); *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1384 (Fed. Cir. 2010).

hypothesis that STX might offer a product that allegedly infringes Warrior's patent, and even then, not before several months elapse." *Id.* at 1076-77 (citation omitted). *See also Re-Alco Indus., Inc. v. Nat'l Ctr. For Health Educ., Inc.*, 812 F. Supp. 387, 395 (S.D.N.Y. 1993) (holding that declaratory plaintiff "has failed to plead a justiciable controversy because it has not established that it would immediately begin production," even though it submitted estimates from printers to copy the infringing material); *Bill's Birds Inc. v. Trademarketing Res. Inc.*, CV 11-3888, 2013 WL 371646, at *1, 4 (E.D.N.Y. Jan. 31, 2013) (finding no ripe controversy where plaintiffs' "intention to market and sell" infringing items was "very attenuated" and "the amended complaint reflects a mere desire to one day do so, as opposed to a definite intent or ability to take immediate action").

Given the lack of specificity of Aereo's launch plans, and its failure to identify even a single copyrighted work that it will stream, the relief that Aereo seeks – essentially a preemptive blanket declaration of non-infringement – would represent precisely the sort of advisory opinion, issued upon a hypothetical state of facts, forbidden by Article III and cases interpreting that Constitutional provision.  This type of deficiency was well summarized in *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265 (S.D. Cal. 2007), where the court found that a video file-sharing service's "unspecified threats of copyright infringement litigation" and failure to "reference any specific copyright, even by way of example" failed to establish subject matter jurisdiction. *Id.* at 1269.  In statements that aptly capture Aereo's position here, the court observed that Veoh "seeks a blanket validation of the ongoing legality of their business model," *id.* at 1270, and that its "requested declaratory relief, given the vagaries of [its] Complaint, would seemingly insulate [its] business model against all infringement claims, from every copyright holder, for all time," *id.* at 1271.

17

Even if Aereo's plans in cities beyond Boston were more immediate and certain, Aereo's allegations as to threatened litigation by CBS in those cities – based on a single brief statement by Mr. Moonves in an earnings call and two "tweets" from Mr. McClintock – are equally deficient. To start, Mr. Moonves did not state, as Aereo misleadingly suggests, that CBS would sue Aereo "in each jurisdiction," "wherever," and/or in all the "markets" in which Aereo expands. Am. Compl. ¶ 2. As Exhibit D to the Amended Complaint makes clear, the claim that CBS would follow and sue Aereo "in different jurisdictions" was made by *the author of the article* cited by Aereo, not Mr. Moonves. One simply cannot read Mr. Moonves' statements regarding Aereo's expansion to Boston (*see* p. 5, *supra*) and conclude with the level of concreteness necessary to sustain a declaratory judgment action that he was announcing an intention by CBS to sue Aereo in the other eleven cities where the defendant stations operate. *See Avon Prods., Inc. v. Morocconoil, Inc.*, No. 12 Civ. 4507(GBD), 2013 WL 795652, at *3-5 (S.D.N.Y. Mar. 4, 2013) (threat of action over trademark in one jurisdiction does not give rise to actual controversy over trademarks in another jurisdiction).

Mr. McClintock's statements, issued from his Twitter account, are even more limited. Mr. McClintock's "threat" clearly is contained to Boston; his only reference to other locations is the vague assertion that Aereo "will be found to be illegal" "everywhere else" – hardly a concrete promise that any of the named defendants intends to sue Aereo in the other eleven cities where the defendant stations operate. Am. Compl. Ex. E at 6.

In short, the declaration Aereo seeks as to its non-infringement in jurisdictions outside New York and Boston depends on a variety of contingencies, some of which are not even properly alleged in the Amended Complaint (when Aereo will actually launch beyond Boston and the copyrighted works it will deliver), and others which are entirely speculative (the filing of

suits by CBS-owned stations in those markets).  Aereo has simply not met its burden of

establishing an "actual controversy," at the time the action was filed, to confer subject matter

jurisdiction for the Court to adjudicate this purported dispute.  Accordingly, dismissal as against

the sixteen above-mentioned stations under Rule 12(b)(1) is warranted.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed or, in the

alternative, stayed.

Dated:  New York, New York
      June 21, 2013

Respectfully submitted,

By: _____
    James W. Quinn
    Yehudah L. Buchweitz
    Todd Larson
    Eric S. Wolfish
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Tel:  (212) 310-8000
Fax:  (212) 310-8007

*Attorneys for Defendants*