UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEREO, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CBS BROADCASTING INC.; CBS STUDIOS INC.; CBS TELEVISION LICENSES, LLC D/B/A WSBK-TV, WBZ-TV, WJZ-TV; ATLANTA TELEVISION STATION WUPA, INC. D/B/A WUPA-TV; CBS TELEVISION STATIONS, INC. D/B/A WFOR-TV, KCNC-TV; MIAMI TELEVISION STATION WBFS, INC. D/B/A WBFS-TV; CBS BROADCASTING INC. D/B/A WBBM-TV, WWJ-TV, WCCO, KDKA-TV, KYW-TV; CBS STATIONS GROUP OF TEXAS, INC. D/B/A KTVT-TV; TELEVISION STATION KTXA, INC. D/B/A KTXA-TV; CBS OPERATIONS, INC. D/B/A WTOG-TV; DETROIT TELEVISION STATION WKBD, INC. D/B/A WKBD-TV, PITTSBURGH TELEVISION STATION WPCW, INC. D/B/A WPCW-TV; AND PHILADELPHIA TELEVISION STATION WPSG, INC. D/B/A WPSG-TV,<br><br>    Defendants. | No. 13-CV-3013 (AJN)<br>[rel. 12-CV-1540 (AJN)]<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS OR STAY AEREO'S AMENDED COMPLAINT**

> James W. Quinn
> Yehudah L. Buchweitz
> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, New York 10153
> Tel: (212) 310-8000
> Fax: (212) 310-8007
>
> *Attorneys for Defendants*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ..................................................................................................................................3

I. Aereo's Failure To Dispute the Duplicative Nature of Its Amended Complaint Is Fatal ....................................................................................................................3

II. Aereo Fails To Overcome the Reality That This Case Is Anticipatory Forum-Shopping .......................................................................................................4

III. Aereo's Opposition Does Not Justify Its Failure To Establish the Court's Subject Matter Jurisdiction Over Claims Related to Cities Outside Boston .......6

CONCLUSION ..............................................................................................................................10

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
  05 CIV. 4248 (TPG), 2008 WL 925433 (S.D.N.Y. Apr. 2, 2008),
  *aff'd* 626 F.3d 699 (2d Cir. 2010) ...................................................................................4

*Arkema Inc. v. Honeywell Int'l, Inc.*,
  706 F.3d 1351 (Fed. Cir. 2013) ..................................................................................7, 10

*Brown v. Plansky*,
  24 F. App'x 26 (2d Cir. 2001) ...........................................................................................4

*Cephalon, Inc. v. Travelers Cos.*,
  No. 12 Civ. 5395, 2013 WL 1294679 (S.D.N.Y. Mar. 15, 2013) ....................................5

*CGI Solutions, LLC v. SailTime Licensing Group, LLC*,
  No. 05 Civ. 4120, 2005 WL 3097533 (S.D.N.Y. Nov. 17, 2005) ....................................5

*Diamonds.net LLC v. Idex Online, Ltd*,
  590 F. Supp. 2d 593 (S.D.N.Y. 2008) .........................................................................7, 10

*Dish Network, L.L.C. v. Am. Broadcasting Cos.*,
  No. 12 Civ. 4155, 2012 WL 2719161 (S.D.N.Y. July 9, 2012) .................................. 4-5

*Document Sec. Sys., Inc. v. Adler Techs., Inc.*,
  03-CV-6044, 2008 WL 596879 (W.D.N.Y. Feb. 29, 2008) ............................................9

*Eternal Asia Supply Chain Mgmt. (USA) Corp. v. EQD Corp.*,
  No. 12-cv-0058, 2012 WL6186504 (S.D.N.Y. Dec. 12, 2012) .......................................6

*Fadem v. Ford Motor Co.*,
  352 F. Supp. 2d 501 (S.D.N.Y. 2005) ..............................................................................8

*Federal Insurance Co. v. May Department Stores Co.*,
  808 F. Supp. 347 (S.D.N.Y. 1992) ........................................................................... 2, 5-6

*First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*,
  218 F. Supp. 2d 369 (S.D.N.Y. 2002), *aff'd sub nom. First Capital
  Asset Mgmt., Inc.v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004) ..........................................3

*Fox Television Stations, Inc. v. BarryDriller Content Sys., PLC*,
  CV 12-6921-GW JCX, 2012 WL 6784498 (C.D. Cal. Dec. 27, 2012) ..................................1

## TABLE OF AUTHORITIES
(continued)

**PAGE(S)**

*Future Media Architects, Inc. v. Deutsche Lufthansa AG*,
  08 CIV. 2801 (LAK), 2008 WL 2686622 (S.D.N.Y. July 8, 2008) ........................................9

*Hearst Stations Inc. v. Aereo, Inc.*,
  No. 13-CV-11649 (D. Mass. July 9, 2013).............................................................................2

*Holzsager v. Valley Hosp.*,
  646 F.2d 792 (2d Cir. 1981).................................................................................................4

*In re UBS AG Secs. Litig.*,
  07 CIV. 11225 RJS, 2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012) .........................................3

*James v. AT&T Corp.*,
  334 F. Supp. 2d 410 (S.D.N.Y. 2004)....................................................................................4

*Kickstarter Inc. v. ArtistShare, Inc.*,
  No. 11-cv-6909, 2012 WL 1192021 (S.D.N.Y. Apr. 10, 2012) .................................................9

*Li v. Napolitano*,
  08 CIV 7353 JGK, 2009 WL 2358621 (S.D.N.Y. July 30, 2009).............................................8

*Lopez v. Ferguson*,
  361 F. App'x 225 (2d Cir. 2010) ...........................................................................................4

*Oleg Cassini, Inc. v. Serta, Inc.*,
  No. 11 Civ. 8751 (PAE), 2012 WL 844284 (S.D.N.Y. Mar. 13, 2012) ...................................5

*Organic Seed Growers & Trade Ass'n v. Monsanto Co.*,
  851 F. Supp. 2d 544 (S.D.N.Y. 2012)....................................................................................9

*Organic Seed Growers & Trade Ass'n v. Monsanto Co.*,
  2012-1298, 2013 WL 2460949 (Fed. Cir. June 10, 2013).........................................................7

*W. Bulk Carriers KS v. Centauri Shipping Ltd.*,
  11 CIV. 5952 RJS, 2013 WL 1385212 (S.D.N.Y. Mar. 11, 2013)............................................3

## TABLE OF AUTHORITIES
(continued)

PAGE(S)

**OTHER**

U.S. CONST. art. III ................................................................................................... 1-2, 6, 8

Fed. R. Civ. P. 12(b)(1)..................................................................................................1

Fed. R. Civ. P. 12(b)(6)..................................................................................................1

Defendants respectfully submit this reply memorandum in further support of their motion to dismiss or stay the First Amended Complaint (the "Amended Complaint") of Aereo, Inc. ("Aereo") under Article III of the United States Constitution and Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion to Dismiss" or "CBS Mot.") and in opposition to Aereo's Memorandum of Law in Opposition to the Motion to Dismiss (the "Opposition").

**PRELIMINARY STATEMENT**

Aereo's original complaint was an improper declaratory judgment action when filed, remained so when amended, and nothing in the Opposition saves the Amended Complaint from dismissal. Aereo never denies, because it cannot, that its new claim duplicates its pending counterclaim in another case before this Court, and turns blinders to CBS' actual arguments when it asserts that CBS' positions in favor of dismissal are somehow inconsistent or even "irreconcilable." Opp. Br. 1-3, 7. There is nothing inconsistent about saying the Amended Complaint was improperly anticipatory as to stations in Boston, but unripe as to stations outside Boston. Likewise, while Aereo claims to be the champion of efficiency, not surprisingly it completely ignores the elephant in the room – Judge Wu's decision in *Fox Television Stations, Inc. v. BarryDriller Content Sys., PLC*, CV 12-6921-GW JCX, 2012 WL 6784498 (C.D. Cal. Dec. 27, 2012) – and asks this Court to ignore it as well by anticipatorily binding CBS' local stations from even considering the possibility of attempting to vindicate their rights in courts where they are located. This action, as filed, was an improper declaratory judgment action in three distinct ways, none of which are justified by the Opposition, and it should be dismissed.

First, Aereo's declaratory judgment claim is duplicative of its existing counterclaim in the 2012 Consolidated Actions.[1] Indeed, Aereo does not even attempt to dispute this flaw.

---

[1] *See* Amended Complaint ¶ 1 (defining term).

Instead, Aereo makes a settlement proposal in the Opposition, agreeing to a stay if CBS promises that it will not sue Aereo if and when it launches in other jurisdictions. This is not the way it works. Because this action is indisputably duplicative of Aereo's existing counterclaim, the proper remedy is to dismiss the Amended Complaint. The Court need not go further.

Second, this declaratory judgment action was filed to preempt a suit by CBS in Boston and should be dismissed as improperly anticipatory. While Aereo denies the imminence of such litigation on the grounds that CBS did not announce a date or venue that it would sue in Boston, Aereo admits in its Amended Complaint that it expected CBS to file suit for copyright infringement in Boston at or near the date set for Aereo's Boston launch. *See* Am. Compl. ¶¶ 2-3, 30-32, 42. Aereo's repeated assertion that CBS has not yet sued in Boston is irrelevant. Under *Federal Insurance Co. v. May Department Stores Co.*, it is proper for CBS to await resolution of the Motion to Dismiss. 808 F. Supp. 347, 351 (S.D.N.Y. 1992) ("*Federal Insurance*"). In addition, because Aereo has been sued in Boston by Hearst Stations Inc. ("Hearst"), *see Hearst Stations Inc. v. Aereo, Inc.*, No. 13-CV-11649 (D. Mass. July 9, 2013) [Dkt. No. 1], Aereo will get its opportunity, before a Boston court, to clear up the purported "legal uncertainty" surrounding its launch there that it claims motivates this action. Opp. Br. 1.

Third, there is no case or controversy under Article III establishing subject matter jurisdiction over the claims against sixteen station Defendants in eleven cities beyond Boston. Aereo suggests that CBS' arguments about the anticipatory nature of Aereo's declaratory judgment action necessarily mean that the controversy between the parties was ripe as to other cities where Aereo might someday launch. But Aereo does not address CBS' showing that the alleged threats of suit by CBS executives involved Aereo's announced Boston launch (the only city, at the time of the original complaint with an announced launch date) and *not* any of the

eleven other cities where the CBS stations named as defendants are located. Further, the Opposition fails to counter CBS' showing that Aereo's vague launch plans in the eleven cities beyond Boston – and failure to identify any specific works that it will transmit if and when it launches in such cities – are concrete enough to support anything other than an improper advisory opinion.

Accordingly, the Amended Complaint should be dismissed.

## ARGUMENT

### I. Aereo's Failure To Dispute the Duplicative Nature of Its Amended Complaint Is Fatal

In its Motion to Dismiss, CBS demonstrated that Aereo's declaratory judgment claim is duplicative of Aereo's counterclaim in the 2012 Consolidated Actions, and on this ground alone, Aereo's Amended Complaint should be dismissed. *See* CBS Mot. 11-14. Aereo does not even attempt to contest these fundamental points. It "agrees that duplicative suits would be wasteful," Opp. Br. 8, and does not deny that it is maintaining two actions on the same subject, in the same court, and against the same parties.[2] Instead, Aereo desperately seeks a settlement with CBS – without even talking to CBS – whereby CBS would not sue Aereo if and when Aereo launches in other jurisdictions. *See* Opp. Br. 14. No such agreement is necessary or warranted. Because the current action is duplicative of the existing counterclaim – a fact Aereo does not deny – the Amended Complaint should be dismissed, not stayed, on that basis alone, regardless of what

---

[2] A party "concedes through silence" arguments by its opponent that it fails to address. *In re UBS AG Secs. Litig.*, 07 CIV. 11225 RJS, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012); *see also W. Bulk Carriers KS v. Centauri Shipping Ltd.*, 11 CIV. 5952 RJS, 2013 WL 1385212, at *3 (S.D.N.Y. Mar. 11, 2013) (explaining that declaratory judgment plaintiff "conceded that the Court lacks jurisdiction over its declaratory judgment claim" when, in its opposition brief it "failed to respond to [d]efendant's arguments regarding the lack of original jurisdiction over that claim."); *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 392-93 (S.D.N.Y. 2002), *aff'd sub nom. First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004) (considering an argument not addressed in opposition brief to be waived).

CBS might do if and when Aereo actually launches in other locations.[3] *See Lopez v. Ferguson*, 361 F. App'x 225, 226 (2d Cir. 2010) (affirming dismissal of duplicative action "involv[ing] essentially the same factual background and legal questions as those presented" in prior action in same court); *Brown v. Plansky*, 24 F. App'x 26, 28 (2d Cir. 2001).

## II. Aereo Fails To Overcome the Reality That This Case Is Anticipatory Forum-Shopping

Although this case should be dismissed in its entirety as duplicative, Aereo's filing of an anticipatory declaratory action was equally improper.[4] Despite Aereo's protestations that suit was not "imminent," Aereo cannot dispute that: (i) this action was filed less than five days after Mr. Moonves' statement regarding Aereo's Boston launch and just nine days before that launch; (ii) the filing of this action was admittedly based on Aereo's fear that CBS would bring a copyright infringement suit against Aereo as it expanded into Boston; (iii) Aereo filed this action to deprive CBS of a forum in Boston; and (iv) the original complaint was hastily put together only to be later amended to add basic facts about the CBS stations and cities where Aereo intended to launch. *See* Am. Compl. at ¶¶ 2-4, 30, 32, 42. As detailed in the Motion to Dismiss, these elements are the hallmarks of an improper anticipatory suit. *See* CBS Mot. 6-11 (citing, *inter alia*, *Dish Network, L.L.C. v. Am. Broadcasting Cos.*, No. 12 Civ. 4155, 2012 WL 2719161,

---

[3] Aereo's assertion that any claims by CBS not asserted in the Consolidated 2012 Actions should proceed in this action, *see* Opp. Br. 2, makes no sense. CBS is a defendant in this declaratory judgment action. If Aereo's claims are dismissed, then this action is concluded. As to the station Defendants that are not parties to the counterclaim, Aereo does not contest that it is improper to attempt to add new parties by filing a new lawsuit. CBS Mot. at 13 (citing *James v. AT&T Corp.*, 334 F. Supp. 2d 410, 412 (S.D.N.Y. 2004)).

[4] While none of the arguments in the Motion to Dismiss are actually inconsistent, "parties often must—and do—argue in the alternative" in the briefing process. *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 05 CIV. 4248 (TPG), 2008 WL 925433, at *1 (S.D.N.Y. Apr. 2, 2008) *aff'd*, 626 F.3d 699 (2d Cir. 2010); *see also Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981).

at *4 (S.D.N.Y. July 9, 2012) (finding that "Dish's filing was *motivated by a fear of imminent legal action* by the Networks and was, thus, improperly anticipatory . . . .") (emphasis added)).

Aereo's primary argument on this point is that the Amended Complaint is not improperly anticipatory because CBS did not send a cease and desist letter or announce a date for, venue of, and claims to be pressed in a potential suit. This is wrong as a matter of fact and law. First, a cease and desist letter is not required. *See Dish*, 2012 WL 2719161, at *5 ("The Court is not aware of any judicial decisions that specifically *require* that the coercive litigation threat be expressed in a party-to-party communication.") (emphasis in original). Neither is a specific date or forum. *See Cephalon, Inc. v. Travelers Cos.*, No. 12 Civ. 5395, 2013 WL 1294679, at *4 (S.D.N.Y. Mar. 15, 2013) ("*Cephalon*") ("[A] date and forum are not fixed prerequisites, but mere indicia of notice.").[5] In any event, sufficiently specific information was provided. The parties were already engaged in litigation over Aereo's retransmission of CBS' broadcast in New York, and CBS executives – including its CEO – publicly stated that if Aereo launched in Boston, then CBS would sue Aereo again. *See* Am. Compl. ¶¶ 1-2. The date, venue and claims were known based on Aereo's announced launch in Boston (the only launch announced as of the filing of the action) and the statements that stealing CBS' signal will be "found to be illegal in Boston." *See* Am. Compl. Ex. E at 6. As discussed in the Motion to Dismiss, this case squares with the reasoning in *Dish Network*, *SailTime*, *Cephalon*, and *Federal Insurance*, and Aereo's attempts to distinguish these cases on their facts are immaterial. *See* CBS Mot. 7-11.

Aereo also argues against dismissal because CBS "selected this forum when they filed their original complaint against Aereo." Opp. Br. 11. However, the case Aereo cites in support

---

[5] *Cephalon* also noted that *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 Civ. 8751 (PAE), 2012 WL 844284 (S.D.N.Y. Mar. 13, 2012), the case cited by Aereo, would be "out of step with numerous rulings in this district and contrary to the obvious purpose of the first-filed rule" if it required a "notice letter to state a date or forum for filing to render an action anticipatory." *Cephalon*, 2013 WL 1294679, at *5 n.4.

5

of this conclusion, *Eternal Asia Supply Chain Mgmt. (USA) Corp. v. EQD Corp.*, No. 12-cv-0058, 2012 WL 6186504, at *6 (S.D.N.Y. Dec. 12, 2012), is inapposite.  In that case, Eternal Asia threatened to sue EQD in California, and then EQD filed first in California, only to have Eternal Asia later file in New York.  Aereo fully expected that CBS would file suit in Boston to enjoin the announced launch of its service in Boston.  *See* Am. Compl. ¶¶ 2-3, 30 ("CBS has publicly threatened Aereo with additional lawsuits as it expands its services outside of New York City, including specifically in Boston."); Opp. Br. 18-19 (quoting Mr. Moonves' assertion that CBS will "be in Boston" and "follow" Aereo there, and Mr. McClintock's statement that Aereo will be found illegal "in Boston").  If Aereo had raced to file this declaratory judgment action in Boston, but then CBS filed in New York, then *Eternal Asia* would apply.  However, Aereo filed this declaratory judgment action in New York, and therefore *Eternal Asia* is irrelevant.

Finally, Aereo's repeated assertion that CBS has not yet sued in Boston is irrelevant.  Under *Federal Insurance,* it is proper for CBS to await resolution of the Motion to Dismiss.  Moreover, as noted above, Hearst, owner of WCVB-TV in Boston, has sued Aereo in Boston to enjoin Aereo's broadcast of Hearst's copyrighted programs.  Aereo will thus get its chance, before a Boston court, to alleviate the "legal uncertainty" and "insecurity" it claims surrounds its launch there.  Opp. Br. 1, 5.

For all the foregoing reasons, Aereo's Amended Complaint should be dismissed in its entirety as improperly anticipatory.

### III. Aereo's Opposition Does Not Justify Its Failure To Establish the Court's Subject Matter Jurisdiction Over Claims Related to Cities Outside Boston

In its Motion to Dismiss, CBS demonstrated that Aereo had failed to allege a ripe case or controversy under Article III of the Constitution regarding sixteen station defendants in eleven cities for several reasons.  First, Aereo's Amended Complaint failed properly to allege any

specific launch dates for cities beyond Boston, save for the speculative and non-specific "intention" to do so at some point in 2013. CBS Mot. 15-17. Second, Aereo failed to demonstrate that the suit threatened by CBS executives when Aereo launched in Boston gave rise to a threat of suit in other cities where Aereo had made no such announcement. *Id.* at 18. Finally, Aereo had not identified a single copyrighted work owned by CBS or the local stations that it would infringe if and when it did launch in other cities, making Aereo's declaratory judgment action a copyright suit without any copyrights. *Id.* at 17. Aereo's Opposition does not rectify or justify any of these flaws.

To start, Aereo's arguments about the specificity of its launch plans in the eleven cities are insufficient and incorrect. CBS did not argue, as Aereo suggests, that Aereo has to "actually engage" in the infringing activity to give rise to a live controversy. Opp. Br. 16. Rather, CBS argued that Aereo's failure to allege when in 2013 it will launch outside Boston, what it has done to prepare for such launches, or a single work it will transmit, made the case too speculative and hypothetical to confer subject matter jurisdiction. *See* CBS Mot. 15-16. Quoting cases establishing the general principle that "meaningful preparation" to deploy infringing technology is sufficient to give rise to a ripe case or controversy, *see* Opp. Br. 16, does not mean that the preparation alleged *here* is sufficient, and none of Aereo's cases allege activities as speculative and non-specific as in the Amended Complaint.[6] For reasons described in the Motion to

---

[6] *Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351 (Fed. Cir. 2013) involved a plaintiff with an operational manufacturing facility and an immediate readiness to enter into supply contracts prevented only by concerns that it would be sued for doing so. *Id.* at 1355, 1359. As the Federal Circuit cogently explained in another case, "[i]n *Arkema v. Honeywell* . . . the declaratory judgment plaintiff had concrete plans to supply a product for concededly infringing uses, had already marketed the product, had responded to supply requests, and wished to enter supply contracts with customers. There are no similar allegations here." *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 2012-1298, 2013 WL 2460949, at *7 (Fed. Cir. June 10, 2013) (internal citation and quotations marks omitted). Similarly, *Diamonds.net LLC v. Idex Online, Ltd.*, 590 F. Supp. 2d 593 (S.D.N.Y. 2008), involved a fully operational website that users were already beta testing and which the declaratory plaintiff was ready to

Dismiss, the lone bare-bones allegation that Aereo has "enter[ed] into contracts with vendors and order[ed] equipment" – untied to any city or specific launch date – is too contingent to satisfy Article III requirements.[7]  *See* CBS Mot. 6, 16-17.

With respect to Aereo's failure to demonstrate a real threat of suit by CBS outside Boston, the gravamen of Aereo's Opposition is that because CBS has argued that Aereo's declaratory judgment action is an anticipatory suit – the basis for which is an "imminent" threat of litigation by CBS – it must also be the case that there was a ripe controversy between the parties in all the cities in which the defendant stations reside.  *See* Opp. Br. 15, 18.  But Aereo's Opposition stubbornly refuses to address (or even mention) a key distinction drawn by CBS' Motion to Dismiss:  namely, that while the public statements of Mr. Moonves and Mr. McClintock threatened suit upon Aereo's launch in Boston (thus giving rise to an imminent dispute there), they did not threaten suit with respect to Aereo's launch in other cities *outside* Boston.  *See* CBS Mot. 18-19 (summarizing the contingent nature of dispute "outside New York and Boston").  Rather than actually attempting to explain how the statements of Mr. Moonves and Mr. McClintock could give rise to a ripe controversy in other cities, Aereo's brief merely

---

launch immediately to additional U.S. customers save for the threat of litigation if it did so.  *Id.* at 599.  Here, however, Aereo was not, at the time it filed this action, either in beta testing or prepared to launch its service anywhere but Boston.  Not surprisingly, Aereo has no explanation for its own admission, quoted by CBS, that it had delayed its entry into the Tampa market "at least until the fall," and that, according to an Aereo spokesperson, "no firm dates" have been set for the launch.  *See* Tampa Article (quoted at CBS Mot. 6 n.10) ("Aereo's technology requires a city-by-city, in-market implementation. . . . Our teams go in and build our antenna/DVR systems in each market, which requires construction (and all the relevant permitting) and a complex build out of our technology. It's time-consuming and labor intensive . . . .").

[7] Aereo's reference to the existence of more detailed plans currently on its website, *see* Opp. Br. 16 n.9, cannot be considered here, as "[i]t is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs." *Li v. Napolitano*, 08 CIV 7353 JGK, 2009 WL 2358621, at *4 n.2 (S.D.N.Y. July 30, 2009) (quoting *Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) (collecting cases)).  In addition, the question before the Court is whether a ripe controversy existed at the time the action was filed, irrespective of later developments.  *See* CBS Mot. 15 n.12 (citing cases).  The same applies to Aereo's mention of its Atlanta launch, *see* Opp. Br. 6, n.5.

quotes the statements verbatim and suggests that they "speak for themselves." Opp. Br. 18. They do, but what they say fails to support Aereo's Opposition. That CBS threatened suit in Boston, and that such suit appeared imminent at the time of the original Complaint, says nothing about whether a controversy in other jurisdictions was ripe.[8]

Finally, the Motion to Dismiss established that Aereo must allege at least some specific actual copyrighted programming that it will infringe, lest the court be in a position of issuing a speculative advisory opinion. CBS Mot. 17. Aereo contends that the Court can dispense with that formality because CBS "already claimed that the Aereo technology infringes" when used to retransmit the CBS station in New York City, and that technology will be the same in other cities even if the works transmitted are different. Opp. Br. 15. Aereo's lone support for this point is *Kickstarter Inc. v. ArtistShare, Inc.*, No. 11-cv-6909, 2012 WL 1192021 (S.D.N.Y. Apr. 10, 2012). *Id.* However, *Kickstarter* merely presents the typical situation where a patent owner's allegation of infringement against an existing product gives rise to a real controversy over the putative infringer's current use of that specific patent; it in no way suggests that the allegation of infringement, once made, gives rise to a real, open-ended controversy over the infringer's use of other patents owned by the declaratory judgment defendant.[9] *Id.* at *3-4. The Amended Complaint fails to identify a single copyrighted work that Aereo will transmit outside New York

---

[8] Even as to Boston, Aereo spends the bulk of its brief arguing the threats were vague and general as to when and whether CBS would sue. If true, Aereo cannot credibly suggest it had a reasonable apprehension of suit in other cities not even mentioned by CBS' executives. *Cf. Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 851 F. Supp. 2d 544, 554 (S.D.N.Y. 2012) (refusal to sign covenant not to sue is insufficient to create actual controversy).

[9] More on point are cases such as *Document Sec. Sys., Inc. v. Adler Techs., Inc.*, 03-CV-6044, 2008 WL 596879, at *10 (W.D.N.Y. Feb. 29, 2008) and *Future Media Architects, Inc. v. Deutsche Lufthansa AG*, 08 CIV. 2801 (LAK), 2008 WL 2686622, at *1 (S.D.N.Y. July 8, 2008), which make clear that just because an intellectual property owner has threatened suit (or sued) for infringement of one patent or trademark – or engaged in prior litigation against an infringing party – it does not establish a threat to sue that party again with respect to other patents or trademarks.

or when it will do so. Opp. Br. 17. If there is a court that has entertained a copyright infringement case without identifying the copyright infringed, Aereo has not presented it here.[10]

## CONCLUSION

For the foregoing reasons, and as stated in the Motion to Dismiss, the Amended Complaint should be dismissed.

Dated: New York, New York
       July 15, 2013

Respectfully submitted,

By: _____
    James W. Quinn
    Yehudah L. Buchweitz
    Todd Larson
    Eric S. Wolfish
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Tel: (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Defendants*

---

[10] Neither *Arkema* nor *Diamonds.net*, which Aereo also cites for this proposition, *see* Opp. Br. 17, suggests otherwise. Each case, while finding sufficient preparation to infringe by the declaratory judgment plaintiff, involved a dispute over a specific, identified patent – not merely the creation of a technology that might be used to infringe some other (or all) of the patents owned by the declaratory defendant in the future.

10