# Weil, Gotshal & Manges LLP

BY ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Yehudah L. Buchweitz
+1 (212) 310-8256
yehudah.buchweitz@weil.com

July 9, 2014

The Honorable Alison J. Nathan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Joint Letter re: *Aereo, Inc. v. CBS Broadcasting Inc., et al.*, Case No. 1:13-cv-3013-AJN [rel. 12-cv-1540 (AJN)]

Dear Judge Nathan:

We write jointly on behalf of Plaintiff Aereo and Defendants in the above-captioned action to respond the Court's orders of January 17, 2014 (Doc. No. 37) and July 3, 2014 (Doc. No. 39) and in light of the United States Supreme Court's June 25, 2014 decision in the appeal originating from 12-cv-1540 and 12-cv-1543. The parties have conferred and submit the following statements.

Defendants' Position:

Defendants believe that this case should be dismissed for all the reasons stated in their prior motions in this case and in light of the Supreme Court's decision reversing the denial of the preliminary injunction in 12-cv-1540 and 12-cv-1543. Defendants requested Plaintiff Aereo drop this case, but Aereo refused. Therefore, Defendants proposed a briefing schedule to renew their motion to dismiss or stay pursuant to the Court's January 17, 2014 order (Doc. No. 37). Aereo has declined to agree to a briefing schedule and has indicated that it may seek to amend its complaint for a second time. Aereo's single count for declaratory judgment seeks a declaration that its service does not infringe Defendants' copyrights and does not violate the Copyright Act. Aereo's proposed amendment, according to counsel, seeks the same declaration, but provides other purported justifications under the Copyright Act. Such an amendment is both unnecessary and improper.

As a threshold matter, any request by Aereo for leave to amend violates Rule 3(F) of this Court's Individual Practices in Civil Cases ("Individual Rule 3(F)"). As the Court is aware, defendants originally filed a motion to dismiss or stay on May 28, 2013 (Doc. No. 20), triggering Individual Rule 3(F), and giving Aereo ten days to notify the Court in writing whether it intended to file an amended pleading or if it would rely on the pleading being attacked. In accordance with Individual Rule 3(F), Aereo filed an amended complaint on June 7, 2013 (Doc. No. 27). Defendants then filed a motion to dismiss or stay Aereo's amended complaint on June 21, 2013 (Doc. No. 28), which Aereo opposed

**Weil, Gotshal & Manges LLP**

July 9, 2014
Page 2

without seeking any further amendment (Doc. No. 30). Once Aereo elected not to further amend its complaint, Individual Rule 3(F) dictates that "*no further opportunities to amend will be granted.*" As such any proposed motion to amend the complaint should not be permitted.

Even if not barred by Individual Rule 3(F), Defendants object to a second amendment and would oppose any motion for leave to amend under F.R.C.P. 15(A)(2).

To the extent Aereo seeks to and the Court permits Aereo to file a motion for leave to amend and proposed amendment, Defendants propose that briefing on the motion proceed on the following schedule: moving papers due July 18, 2014; opposition due August 6, 2014; reply due August 21, 2014. Defendants reserve the right to move to dismiss the second amended complaint if Aereo is permitted to file one. To the extent Aereo does not seek to, or the Court does not allow, Aereo to move for leave to file a second amended complaint, Defendants propose that briefing on their motion to dismiss or stay proceed on the following schedule: moving papers due July 30, 2014; opposition due August 29, 2014; reply due September 15, 2014.

Plaintiff Aereo's Position:

The Supreme Court has now ruled that "having considered the details of Aereo's practices, we find them highly similar to those of the CATV systems in *Fortnightly* and *Teleprompter*. And those are activities that the 1976 amendments sought to bring within the scope of the Copyright Act." *Am. Broad. Cos., Inc. et al. v. Aereo, Inc.*, No. 13-461, 2014 WL 2864485, at *12 (U.S. June 25, 2014).

Accordingly, Aereo is entitled to a compulsory license under the Copyright Act, 17 U.S.C. § 111. Because Aereo is entitled to a compulsory license under Section 111, the transmissions Defendants threatened to enjoin do not infringe Defendants' rights under the Copyright Act. And although Aereo has temporarily suspended operations, Aereo believes that it can still operate in accordance with the terms of the Supreme Court's decision and intends to do so. Thus, there is still an actual and justiciable controversy in this declaratory judgment action because Defendants' threats to sue Aereo in each jurisdiction in which it operates and expands to are still present and have not been withdrawn.

Aereo understands that Defendants intend to file a renewed motion to dismiss in this action and may assert additional grounds for dismissal. As the Court is aware, many of the issues that must be addressed in any motion to dismiss filed by Defendants in this case overlap directly with issues that must be addressed in briefing in related case Nos. 12-Civ-1540 and 1543. As a result, Aereo requests that the Court set identical briefing schedules in both cases.

**Weil, Gotshal & Manges LLP**

July 9, 2014
Page 3

Sincerely,

Yehudah L. Buchweitz

cc: All Counsel of Record